**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YOLANDE GROSSETT** | **CIVIL ACTION** |
| **VERSUS** | |
| **MACY'S CORPORATE SERVICES, INC.** | **NO. 09-231-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 14, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDE GROSSETT                                                            CIVIL ACTION

VERSUS

MACY'S CORPORATE SERVICES, INC.                               NO. 09-231-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court due to the failure of the plaintiff, Yolande Grossett ("Grossett"), to comply with two (2) Orders issued by the undersigned in connection with the above-referenced matter. The first of those Orders was issued on July 16, 2009. *See*, R. Doc. 7. In that Order, the undersigned granted a motion to compel filed by defendant, Macy's Retail Holdings, Inc. ("Macy's") and ordered Grossett to provide complete responses to Macy's Interrogatories and Requests for Production of Documents within fifteen (15) days of that Order. As of August 4, 2009, Macy's had not received any discovery responses from Grossett, despite Macy's counsel having left two (2) phone messages on Grossett's answering machine to which she did not respond and despite Grossett's former counsel, who withdrew on July 22, 2009, having sent her a copy of the July 16, 2009 Order via certified mail. As a result of Grossett's failure to abide by the July 16, 2009 Order, Macy's filed a motion for sanctions (R. Doc. 13), seeking to have the present matter dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Grossett has not filed an opposition to Macy's motion for sanctions and has failed to submit any explanation to the Court whatsoever for her failure to respond to Macy's discovery requests and to comply with the undersigned's directives in the July 16, 2009 Order.

Additionally, Grossett failed to comply with an Order entered by the undersigned on August 20, 2009 following a telephone scheduling conference in this matter for which

1

Grossett did not appear. In the August 20, 2009 Order, the undersigned ordered Grossett to show cause, in writing, by September 11, 2009, why her suit should not be dismissed and other appropriate sanctions imposed. As of this date, Grossett has not filed any written explanation with the Court concerning her failure to appear for the August 20, 2009 conference nor has she provided the Court with any reasons why her suit should not be dismissed and other sanctions imposed for her continued failures to cooperate in this matter. As a result, the Court finds that dismissal of her suit with prejudice and at her cost is warranted pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).[1]

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion for Sanctions for Plaintiff's Failure to Comply with the Court's Order (R. Doc. 13) filed by defendant, Macy's Retail Holdings, Inc., should be **GRANTED** and that this lawsuit should be **DISMISSED WITH PREJUDICE** and at plaintiff's cost.

Signed in chambers in Baton Rouge, Louisiana, September 14, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Fed. R. Civ. P. 37(b)(2)(A)(v) provides that, if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders, including dismissal of an action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v).